UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUYLLA TAUTAU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IN HOME SUPPORT SERVICES, et. al.<br><br>　　　　　Defendants. | No. 2:19-cv-1215-TLN-KJN PS<br><br><br>ORDER DENYING IFP REQUEST WITHOUT PREJUDICE |

　　　　On July 3, 2019, plaintiff, proceeding without counsel, commenced this action and requested leave to proceed in forma pauperis. (ECF Nos. 1, 2.)

　　　　The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1). However, "[w]hen a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quoting Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960).

　　　　Here, Plaintiff submitted an out-of-date application that lacks critical information the court needs to evaluate her petition. (Compare ECF No. 2, AO240 Rev. 12/03 with AO240 Rev. 7/10—available at http://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/). Further, Plaintiff failed to answer certain questions with the required particularity. (See Id. at ¶3, where

1

Plaintiff indicated receipt of disability or workers compensation payments, but Plaintiff failed to "describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive."; ¶ 6, where Plaintiff listed the names of two individuals, but Plaintiff failed to "state your relationship to each person and indicate how much you contribute to their support."). Thus, the court cannot fully evaluate Plaintiff's request, and so must deny it. McQuade, 647 F.2d at 940. Plaintiff may resubmit her application by using the correct form and by answering the questions with particularity; a failure to do so may result in sanctions—which may include a denial of the IFP application or dismissal of the action in total.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED WITHOUT PREJUDICE;
2. Plaintiff may resubmit her application within twenty-one days of this order by using the correct form and answering the questions with particularity
3. The Clerk's office is directed to include a copy of the current IFP form with this order when sending to Plaintiff; and
4. Failure by Plaintiff to comply with the court's order may result in denial of the IFP application or dismissal of the action.

Dated: July 8, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tautau.1215

2